UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE LLC,

                              CASE NO.: 3:24-CV-778-TJC-PDB

      Plaintiff,

vs.

L.A. DISASTER RELIEF, LLC,

      Defendant.
_____/

**<u>PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
AND MOTION FOR EXTENSION TO PERFECT SERVICE OF PROCESS</u>**

      Plaintiff, ASAP Tree Service LLC ("ASAP"), hereby responds to the Court's Order to Show Cause entered November 25, 2024 [Doc. 7] as follows:

      1.      ASAP filed its Complaint and Summons on August 1, 2024 [Doc. 1].

      2.      The Clerk of this Court issued the Summons for service on Defendant on August 2, 2024 [Doc. 2].

      3.      ASAP then provided a copy of the Summons and Complaint to its process server.

      4.      ASAP's process server has made repeated, diligent efforts to serve Defendant with process—including attempting to effectuate service on at least six occasions at the address listed for its registered agent/president and vice president, at Defendant's principal place of business, and by conducting a stake

out—to no avail. *See* Affidavit of Non-Service, attached hereto as "Exhibit A"; *see also* Email from Accurate Serve, attached as "Exhibit B."

5. Accordingly, due to ASAP's inability to serve Defendant despite its continued and diligent efforts, ASAP intends to effectuate substitute service on Defendant by serving an alias Summons, the Complaint, and the process server's affidavit of non-service on the Florida Secretary of State pursuant to Florida Statute § 48.062(4).

6. ASAP filed its alias Summons to be served on the Florida Secretary of State on December 5, 2024 [Doc. 10].

7. Once the alias Summons is issued by the Clerk of this Court, ASAP will promptly serve Defendant by substitute service on the Florida Secretary of State through the Department of State's online filing system.

8. Having shown good cause for its failure to serve Defendant within ninety days of filing this action, ASAP respectfully requests that the Court: (i) determine that ASAP has shown sufficient cause to discharge the Court's Order to Show Cause [Doc. 7]; (ii) grant ASAP an additional thirty days to perfect service of process on the Defendant through the Florida Secretary of State, and file its proof of service with the Court; and (iii) allow this cause to proceed on the merits.

## I. MEMORANDUM OF LAW

   a. **Timing of Service**

Although Federal Rule of Civil Procedure 4(m) provides that service of process must be perfected within thirty days after the complaint is filed, this rule

allows for the Court's extension of the Rule's prescribed deadline upon a plaintiff's showing of good cause, or upon the Court's finding of other extenuating circumstances justifying extension. If a defendant is not served within ninety days, the Court "must dismiss the action without prejudice ... or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"Even in the 'absence of good cause,' a 'district court has the discretion to extend the time for service of process.'" *Hill v. McNeil*, No. 4:24-cv-152-MW-MJF, 2024 U.S. Dist. LEXIS 215221, at *4 (N.D. Fla. Nov. 4, 2024) (quoting *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277 (11th Cir. 2007)). To that end, "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case," and "[o]nly after considering whether any such factors exist may the district court exercise its discretion and ... direct that service be effected within a specified time." *Lepone-Dempsey*, 476 F.3d at 1282.

In granting such extensions, this Court has recognized its own interest in permitting a plaintiff additional, reasonable time to perfect service of process: "Moreover, it would not be judicially efficient or a good use of judicial resources to dismiss the case without prejudice simply to have Plaintiff file a new case. Accordingly, the Court will allow a brief extension of thirty days to effectuate

service on Defendants." *SPM Thermo-Shield, Inc. v. SICC*, No. 2:15-cv-439-FTM-29CM, 2016 U.S. Dist. LEXIS 77145, at *5 (M.D. Fla. Jun. 14, 2016) (allowing over six months for the plaintiff to perfect service).

  b. **Good Cause**

The Eleventh Circuit Court of Appeals has found that "[g]ood cause exists under Rule 4(m) 'only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Villaflor v. Ultimate Med. Acad., LLC*, No. 8:16-cv-1486-T-23JSS, U.S. Dist. LEXIS 139746, at *4 (M.D. Fla. Oct. 7, 2016) (quoting *Nelson v. Barden*, 145 F. App'x 303, 309 (11th Cir. 2005)). Further, a finding of good cause for extension requires "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking enlargement *and* some reasonable basis for noncompliance within the time specified is normally required." *Williams v. Publix Warehouse*, 161 F.R.D. 428, 431 (M.D. Fla. 1993) (emphasis in original) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

  c. **Service of Process on a Florida LLC**

This Court has outlined the federal procedure for service of process on Florida limited liability companies such as Defendant, as follows:

> Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service

may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

An LLC may also be served by following the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes generally governs service of process on LLCs in Florida. That section, in turn, sets forth a hierarchy of persons who may accept service on an LLC's behalf, starting with the LLC's registered agent. See Fla. Stat. § 48.062(2).

*McKesson Corp. v. Benzer OH 10, LLC*, No. 8:24-cv-1415-SDM-NHA, 2024 U.S. Dist. LEXIS 197159, at *4-5 (M.D. Fla. Oct. 30, 2024)." If service cannot be made on the LLC's registered agent after a good faith attempt, process may be served on any of the following:

> (a)   Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
> (b)   Any member of a member-managed domestic limited liability company or registered foreign limited liability company.
>
> (c)   Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(3).

If the plaintiff is still unable, "after due diligence," to perfect service on the LLC's registered agent or "on at least one person listed publicly by the [LLC] on its latest annual report," then "service of process may be served … on the Secretary of State as an agent of the [LLC]." Fla. Stat. § 48.062(4).

### d. Plaintiff's Showing of Good Cause for Extension

ASAP has shown good cause for its requested extension through its repeated and diligent efforts to serve Defendant with process. ASAP's process server attempted to serve Defendant on five occasions at the residential address listed for its president, vice president, and registered agent. *See* Exhibit A; *see also* Defendant's 2024 Florida Limited Liability Company Reinstatement, attached hereto as "Exhibit C." During the third and fourth attempts, the process server called the phone number of Defendant's president/registered agent, Kyle Adams, but received no answer or response. *See* Exhibit A. After five service attempts, the process server then conducted a stake out of the address listed as Defendant's principal place of business, but was again unable to effectuate service because no one was present. *See* Exhibit B; *see also* Exhibit C.

Where, as here, the plaintiff has attempted service on six occasions, their inability to perfect service "demonstrate[s] much more than 'simple inadvertence' and ... more than a 'reasonable basis for noncompliance' by Plaintiff." *Wilson v. Transworld Sys.*, No. 5:00-Cv-135-Oc-10, 2000 U.S. Dist. LEXIS 15667, at *4 (M.D. Fla. Aug. 31, 2000) (finding good cause for extension after six service attempts). Therefore, good cause exists to justify a brief thirty-day extension to perfect service of process.

ASAP has complied with Florida Statute § 48.062 by attempting to serve Defendant's registered agent and each individual listed on its most recent annual report: its president and vice president. After having exercised due diligence to

attempt service on these individuals, ASAP is left with no choice but to effectuate substitute service on the Secretary of State pursuant to Florida Statute § 48.062(4). Accordingly, if granted its requested extension, ASAP intends to serve the Florida Secretary of State through its online filing service: https://online-sop.sunbiz.org/.

WHEREFORE, Plaintiff, ASAP Tree Service LLC, requests that the Court discharge its Order to Show Cause entered November 25, 2024 [Doc. 7], and grant ASAP an additional thirty days to effectuate substitute service on the Florida Secretary of State based on the good cause shown above.

Respectfully submitted this 5th day of December 2024.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
