CERTIFIED MAIL

7017 0190 0000 2168 4198



**$10.45** US POSTAGE IMI
1 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 3
RETAIL

063S0001442154
12629120
FROM 33146



endicia·
01/07/2025

## USPS FIRST CLASS MAIL®

Brian Pollock
FAIRLAW FIRM
135 San Lorenzo Avenue
Coral Gables FL 33146-1878

SHIP
TO:

L.A. DISASTER RELIEF, LLC
881 FL-20 20, UNIT #4,
INTERLACHEN FL 32148

### USPS CERTIFIED MAIL™



**9414 7112 0621 1120 4790 51**



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☑ Certified Mail Restricted Delivery  $ _____          Postmark
☐ Adult Signature Required          $ _____            Here
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$  1046

Sent To
L.A Disaster Relief LLC
Street and Apt. No., or PO Box No.
881 FL-20 20, Unit #4
City, State, ZIP+4
Interlachen FL 32148

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7017 0190 0000 2168 4198

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
L.A. Disaster
Relief, LLC
881 FL-20 20, Unit 4
Interlachen FL 32148

9590 9402 3150 7166 3683 67

2. Article Number *(Transfer from service label)*
7017 0190 0000 2168 4198

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE LLC,                    CASE NO.: 3:24-CV-778

            Plaintiff,

vs.

L.A. DISASTER RELIEF, LLC,

            Defendant.

_____/

## COMPLAINT

Plaintiff, ASAP Tree Service LLC, sues Defendant, L.A. Disaster Relief, LLC, as

follows:

### *Parties, Jurisdiction, and Venue*

1.      **Plaintiff, ASAP Tree Service LLC ("ASAP")**, is a *sui juris* foreign

corporation that is registered to do business in Indiana.

2.      Plaintiff's sole member Saul Vasquez Tadeo, a Mexican citizen with

permanent residency in the United States and a resident of Indiana.

3.      **Defendant, L.A. Disaster Relief, LLC**, is a *sui juris* Florida for-profit

corporation that maintains its principal place of business in Interlachen, Florida, at

1

Case 3:24-cv-00778-TJC-PDB    Document 16-6    Filed 01/20/25    Page 4 of 24 PageID
146
Case 3:24-cv-00778   Document 1   Filed 08/01/24   Page 2 of 16 PageID 2

all times material to this action.

4.      Defendant's sole member is Kyle E. Adams, a Florida citizen, residing
in Interlachen, Florida.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant
transacts business in this District, maintained its principal places of business in this
District, and because most if not all of Defendant's operational decisions were
made in this District.

6.      This Court has original jurisdiction over Plaintiff's claims pursuant to
28 U.S.C. §1332 because Plaintiff is a foreign limited liability company who's sole
member is a resident of Indiana, because Defendant and its sole member are
residents of this District, and because the amount in controversy exceeds
$200,000.00, exclusive of costs, interest, or attorneys' fees.

7.      Any/all condition(s) precedent to filing this lawsuit occurred and/or
was satisfied by Plaintiff.

*Background Facts*

8.      ASAP provides a full suite of tree services for the arboriculture industry
in Indiana and the surrounding areas, including scheduled services and
disaster/emergency relief services.

2

9.     On August 10-11, 2020 a powerful "derecho" storm swept across the Midwestern United States, causing approximately $11 billion in damages. https://en.wikipedia.org/wiki/August_2020_Midwest_derecho.

10.    Defendant requested ASAP to perform services as a subcontractor to provide emergency storm clean-up services – including services for and on behalf of FEMA – in the wake of the Derecho storm.

11.    ASAP performed services for and at the direction of Defendant from August 2020 through November 2020, but Defendant failed and refused to pay ASAP in full for the services rendered.

12.    While some of the work was performed under the Defendant's contract with FEMA, other work was performed for the Defendant with payment from the property owner and/or the property owner's insurance to the Defendant.

13.    All conditions precedent were performed by ASAP or waived by Defendant.

## COUNT I – ACCOUNT STATED

Plaintiff, ASAP Tree Service, LLC, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

3

14.     ASAP and Defendant engaged in busines dealings whereby ASAP would send an invoice to Defendant.

15.     The invoices that ASAP sent to Defendant included the amount payable to ASAP and a deduction of 20%, which reduction represented the profit that Defendant would receive from the invoice(s) at issue.

16.     ASAP sent Defendant the invoices attached hereto as Composite Exhibit "A".

17.     Defendant agreed to owe the amounts contained on the invoices appended hereto as Composite Exhibit "A."

18.     Defendant never objected to or disputed the amounts contained in the invoices attached hereto as Composite Exhibit "A".

19.     Defendant owes ASAP a significant amount of money based on the unpaid invoices ASAP submitted to Defendant in the following amounts:

| Date | Amount |
| --- | --- |
| August 19, 2020 | $40,000.00 |
| August 22, 2020 | $43,200.00 |
| August 25, 2020 | $4,000.00 |

4

| | |
|---|---|
| August 25, 2020 | $4,000.00 |
| August 28, 2020 | $6,800.00 |
| August 30, 2020 | $5,600.00 |
| August 31, 2020 | $3,600.00 |
| September 1, 2020 | $7,200.00 |
| September 1, 2020 | $4,800.00 |
| September 1, 2020 | $5,600.00 |
| September 2, 2020 | $7,200.00 |
| September 3, 2020 | $56,000.00 |
| September 9, 2020 | $21,600.00 |
| September 28, 2020 | $16,000.00 |
| September 29, 2020 | $6,640.00 |
| October 3, 2020 | $2,800.00 |
| October 3, 2020 | $2,400.00 |
| October 14, 2020 | $108,000.00 |
| Undated (2020) | $6,400.00 |
| Undated (2020) | $4,000.00 |

5

Case 3:24-cv-00778-TJC-PDB    Document 16-6    Filed 01/20/25    Page 8 of 24 PageID
150
Case 3:24-cv-00778   Document 1   Filed 08/01/24   Page 6 of 16 PageID 6

| | |
|---|---|
| FEMA Invoice (9/20/20 – 9/26/20) | $2,663.50 |
| FEMA Invoice (9/27/20 -10/3/20) | $2,749.50 |
| FEMA Invoice (10/4/20 – 10/10/20) | $12,100.50 |
| FEMA Invoice (10/11/20 – 10/17/20) | $15,907.50 |
| FEMA Invoice (10/18/20 – 10/24/20) | $11,938.50 |
| FEMA Invoice (10/18/20 – 10/24/20) | $3,906.00 |
| FEMA Invoice (10/25/20- 10/31/20) | $2,677.50 |
| FEMA Invoice (10/25/20 – 10/31/20) | $5,166.00 |
| TOTAL | $412,949.00 |

20.    Defendant has, nonetheless, failed and refused to pay the amounts due on the invoices attached hereto as Composite Exhibit "A" in full.

21.    Defendant made the cumulative partial payments totaling $176,000.00, leaving a balance owed to ASAP of $236,949.00.

6

22.    Defendant has been damaged in the amount of $236,949.00, plus accrued interest.

23.    ASAP demanded that Defendant pay the outstanding amount of $236,949.00 in an attempt to resolve this matter prior to commencing this litigation, but Defendant refused to pay in full.

24.    ASAP has been damaged in the amount of $236,949.00, as reflected on the attached invoices, which amount is due with interest from Defendant.

WHEREFORE Plaintiff, ASAP Tree Services, LLC, demands the entry of a judgment in its favor and against Defendant, L.A. Disaster Relief, LLC, for damages in the amount of $236,949.00 based on the invoices appended hereto as Exhibit "A" and payments thereon, plus costs, all interest allowed by law, and such other and further relief as the Court deems just and proper.

## COUNT II – OPEN ACCOUNT

Plaintiff, ASAP Tree Service, LLC, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

25.    ASAP and Defendant engaged in busines dealings whereby ASAP would perform work at the request of Defendant, and for which ASAP would send an invoice to Defendant.

7

26.    ASAP sent Defendant the invoices attached hereto as Composite Exhibit "A".

27.    Defendant agreed to owe ASAP the amounts identified on the invoices appended hereto as Composite Exhibit "A."

28.    Defendant has not objected to or disputed the amounts identified in the invoices attached hereto as Composite Exhibit "A".

29.    ASAP and Defendant were engaged in ongoing work through their ongoing business relationship.

30.    Defendant owes ASAP a significant amount of money based on the invoices submitted to ASAP in the following amounts:

| Date | Amount |
|---|---|
| August 19, 2020 | $40,000.00 |
| August 22, 2020 | $43,200.00 |
| August 25, 2020 | $4,000.00 |
| August 25, 2020 | $4,000.00 |
| August 28, 2020 | $6,800.00 |
| August 30, 2020 | $5,600.00 |

8

| August 31, 2020 | $3,600.00 |
| September 1, 2020 | $7,200.00 |
| September 1, 2020 | $4,800.00 |
| September 1, 2020 | $5,600.00 |
| September 2, 2020 | $7,200.00 |
| September 3, 2020 | $56,000.00 |
| September 9, 2020 | $21,600.00 |
| September 28, 2020 | $16,000.00 |
| September 29, 2020 | $6,640.00 |
| October 3, 2020 | $2,800.00 |
| October 3, 2020 | $2,400.00 |
| October 14, 2020 | $108,000.00 |
| Undated (2020) | $6,400.00 |
| Undated (2020) | $4,000.00 |
| FEMA Invoice (9/20/20 – 9/26/20) | $2,663.50 |
| FEMA Invoice (9/27/20 -10/3/20) | $2,749.50 |
| FEMA Invoice (10/4/20 – 10/10/20) | $12,100.50 |

9

| | |
|---|---|
| FEMA Invoice (10/11/20 – 10/17/20) | $15,907.50 |
| FEMA Invoice (10/18/20 – 10/24/20) | $11,938.50 |
| FEMA Invoice (10/18/20 – 10/24/20) | $3,906.00 |
| FEMA Invoice (10/25/20- 10/31/20) | $2,677.50 |
| FEMA Invoice (10/25/20 – 10/31/20) | $5,166.00 |
| TOTAL | $412,949.00 |

31.    Defendant has, nonetheless, failed and refused to pay in total for all of the amounts due on the invoices attached hereto as Composite Exhibit "A".

32.    Instead, Defendant paid the cumulative amount of $176,000.00, leaving a balance due of $236,949.00.

33.    Defendant has been damaged in the amount of $236,949.00, plus accrued interest.

WHEREFORE Plaintiff, ASAP Tree Services, LLC, demands the entry of a judgment in its favor and against Defendant, L.A. Disaster Relief, LLC, for damages

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

in the amount of $236,949.00 minus payments thereon, plus costs, interest, and such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF ORAL CONTRACT

Plaintiff, ASAP Tree Service, LLC, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

34.     ASAP and Defendant entered into an oral contract for services, pursuant to which Defendant would pay ASAP 80% of all invoices that ASAP submitted to Defendant, with the remaining 20% representing the profit and overhead to be retained by Defendant.

35.     ASAP performed all services required of it under the parties' oral agreement by perform tree trimming and debris removal services between August 2020 and November 2020.

36.     ASAP also provided Defendant with invoices for all of the work that ASAP performed for Defendant under the parties' agreement.

37.     Defendant paid for some of the invoices (and thus sum of the work performed) from ASAP in total aggregate amount of $176,000.00, thereby acknowledging the existence of the parties' oral agreement.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

Case 3:24-cv-00778-TJC-PDB    Document 16-6    Filed 01/20/25    Page 14 of 24 PageID
156
Case 3:24-cv-00778   Document 1   Filed 08/01/24   Page 12 of 16 PageID 12

38.    Defendant has, however, failed and refused to pay for all of the invoices submitted and work performed by ASAP, leaving a balance due of $236,949.00.

39.    Defendant breached its oral agreement with ASAP when it failed and refused to pay for all of the remaining and outstanding invoices for the services performed.

40.    ASAP has been damaged in the amount of $236,949.00 as a result of the breach of the oral contract by Defendant.

WHEREFORE Plaintiff, ASAP Tree Services, LLC, demands the entry of a judgment in its favor and against Defendant, L.A. Disaster Relief, LLC, for damages in the amount of $236,949.00, plus costs, interest, and such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT IMPLIED IN LAW

Plaintiff, ASAP Tree Service, LLC, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

41.    ASAP conferred a benefit on Defendant by performing tree trimming and debris removal services for Defendant and at Defendant's request.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Case 3:24-cv-00778-TJC-PDB    Document 16-6    Filed 01/20/25    Page 15 of 24 PageID
157
Case 3:24-cv-00778    Document 1    Filed 08/01/24    Page 13 of 16 PageID 13

42.    Defendant knew that ASAP was providing services on its behalf based on the communications between the parties.

43.    Defendant accepted, retained, and appreciated the benefit of the services provided by ASAP, including by taking credit for, billing for, and/or receiving payment for the services provided by ASAP.

44.    Defendant failed and refused to pay ASAP for the value of the work that ASAP provided on behalf of Defendant.

45.    It would be inequitable for Defendant to retain the value of the services provided by ASAP without paying for the reasonable value of those services provided by ASAP.

WHEREFORE Plaintiff, ASAP Tree Services, LLC, demands the entry of a judgment in its favor and against Defendant, L.A. Disaster Relief, LLC, for damages, plus costs, interest, and such other and further relief as the Court deems just and proper.

## COUNT V – BREACH OF CONTRACT IMPLIED IN FACT

Plaintiff, ASAP Tree Service, LLC, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

13

46.     Defendant requested that ASAP perform tree trimming and debris removal services for it.

47.     ASAP and Defendant agreed that in exchange for ASAP providing its services, Defendant would pay at the rate of ASAP 80% of all invoices that ASAP submitted to Defendant, with the remaining 20% representing the profit and overhead to be retained by Defendant.

48.     Defendant knew that ASAP was providing tree trimming and debris removal services for it based on the communications between the parties.

49.     ASAP performed all services required of it under the parties' oral agreement by perform tree trimming and debris removal services between August 2020 and November 2020.

50.     ASAP also provided Defendant with invoices for all of the work that ASAP performed for Defendant under the parties' agreement.

51.     Defendant paid for some of the invoices (and thus sum of the work performed) from ASAP, thereby ratify the parties' agreement, thereby acknowledging the existence of the parties' oral agreement.

52.     Defendant has, however, failed and refused to pay for all of the invoices submitted and work performed by ASAP.

14

Case 3:24-cv-00778-TJC-PDB    Document 16-6    Filed 01/20/25    Page 17 of 24 PageID
159
Case 3:24-cv-00778    Document 1    Filed 08/01/24    Page 15 of 16 PageID 15

53.    Defendant breached its contract with ASAP when it failed and refused to pay for all of the remaining and outstanding invoices for the services performed.

WHEREFORE Plaintiff, ASAP Tree Services, LLC, demands the entry of a judgment in its favor and against Defendant, L.A. Disaster Relief, LLC, for damages, plus costs, interest, and such other and further relief as the Court deems just and proper.

15

Respectfully submitted this <u>1st</u> day of August 2024,

<div style="margin-left: 40%;">

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
<u>brian@fairlawattorney.com</u>
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

</div>

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884    FAX 305.230.4844
*www.fairlawattorney.com*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE LLC,

     Plaintiff,

                                   CASE NO.: 3:24-CV-778-TJC-PDB

vs.

L.A. DISASTER RELIEF, LLC,

     Defendants.

_____/

## SUMMONS IN A CIVIL ACTION

TO:   L.A. DISASTER RELIEF, LLC
       c/o Secretary of State
       P.O. Box 6327
       Tallahassee, FL 32314

     A lawsuit has been filed against you.

     Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

              Brian H. Pollock, Esq.
              FairLaw Firm
              135 San Lorenzo Avenue
              Suite 770
              Coral Gables, FL 33146
              Tel:   (305) 230-4884
              brian@fairlawattorney.com

     If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  December 6, 2024

                   *CLERK OF COURT*

                    *Ashleigh Lewi*

              Signature of Clerk or Deputy Clerk

Case 3:24-cv-00778-TJC-PDB    Document 16-6    Filed 01/20/25    Page 20 of 24 PageID
162
Case 3:24-cv-00778-TJC-PDB    Document 12    Filed 12/06/24    Page 2 of 2 PageID 123

Civil Action No.:

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by <u>Fed. R. Civ. P. 4</u> (l))*

This summons for *(name of individual and title, if any)*_____was received by me on *(date)*_____
.

    ☐    I personally served the summons on the individual at *(place)*_____,
_____  _____,
on *(date)*_____; or

    ☐    I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of
suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last
known address; or

    ☐    I served the summons on *(name of individual)*_____
designated by law to accept service of process on behalf of *(name of organization)* _____
_____on *(date)*
_____; or

    ☐    I returned the summons unexecuted because
_____; or

    ☐    Other *(specify):*

My fees are $_____for travel and $_____for services, for a total of
$_____

I declare under penalty of perjury that this information is true.

Date:_____        _____
                                     *Server's Signature*

                               _____
                                 *Printed Name and Title*

                               _____
                                 *Server's address*

Additional information regarding attempted service, etc:



## FLORIDA DEPARTMENT OF STATE

### Division of Corporations

January 2, 2025

Brian Pollock

Pursuant to Chapter 48.062 Florida Statutes, substitute service of process was accepted for L.A. DISASTER RELIEF, LLC in case number 3:24-CV-778-TJC-PDB and was filed on December 11, 2024 at 1:21 PM.

    Plaintiff(s)
    ASAP TREE SERVICE LLC
    v.
    Defendant(s)
    L.A. DISASTER RELIEF, LLC

The Secretary of State does not forward documentation to the defendant. All inquiries on behalf of this defendant should be made to the attorneys involved.

Tanner J. Turnmire
Processor of Service

Division of Corporations
P.O. Box 6327, Tallahassee, Florida 32314

Letter No. 241211027SOP.01

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE LLC,

       Plaintiff,

                                       CASE NO.: 3:24-CV-778-TJC-PDB

vs.

L.A. DISASTER RELIEF, LLC,

       Defendants.

_____/

**SUMMONS IN A CIVIL ACTION**

TO:    L.A. DISASTER RELIEF, LLC
       c/o Secretary of State
       P.O. Box 6327
       Tallahassee, FL 32314

       A lawsuit has been filed against you.

       Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

                         Brian H. Pollock, Esq.
                         FairLaw Firm
                         135 San Lorenzo Avenue
                         Suite 770
                         Coral Gables, FL 33146
                         Tel:    (305) 230-4884
                         brian@fairlawattorney.com

       If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  December 6, 2024            *CLERK OF COURT*

                                      *Ashleigh Vieni*
                         Signature of Clerk or Deputy Clerk

Civil Action No.:

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*_____was received by me on *(date)*
_____

    ☐   I personally served the summons on the individual at *(place)*
_____  _____,
on *(date)*_____; or

    ☐   I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of
suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

    ☐   I served the summons on *(name of individual)*_____
designated by law to accept service of process on behalf of *(name of organization)* _____
_____on *(date)*
_____; or

    ☐   I returned the summons unexecuted because
_____; or

    ☐   Other *(specify):*

My fees are $_____for travel and $_____for services, for a total of $_____

I declare under penalty of perjury that this information is true.

Date:_____

_____
*Server's Signature*

_____
*Printed Name and Title*

_____
*Server's address*

Additional information regarding attempted service, etc:



## FLORIDA DEPARTMENT OF STATE

Division of Corporations

January 2, 2025

Brian Pollock

Pursuant to Chapter 48.062 Florida Statutes, substitute service of process was accepted for L.A. DISASTER RELIEF, LLC in case number 3:24-CV-778-TJC-PDB and was filed on December 11, 2024 at 1:21 PM.

    Plaintiff(s)
    ASAP TREE SERVICE LLC
    v.
    Defendant(s)
    L.A. DISASTER RELIEF, LLC

The Secretary of State does not forward documentation to the defendant. All inquiries on behalf of this defendant should be made to the attorneys involved.

Tanner J. Turnmire
Processor of Service

Division of Corporations
P.O. Box 6327, Tallahassee, Florida 32314

Letter No. 241211027SOP.01