UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE LLC,

             CASE NO.: 3:24-CV-778-TJC-PDB

 Plaintiff,

vs.

L.A. DISASTER RELIEF, LLC,

 Defendant.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT
AGAINST DEFENDANT, L.A. DISASTER RELIEF, LLC**

 Plaintiff, ASAP Tree Service LLC ("ASAP"), through its undersigned counsel and pursuant to Fed. R. Civ. P. 55, this Court's Order granting Plaintiff's Motion for Extension of Time [D.E. 18], and other applicable Rules and laws, moves the Clerk of Court to enter a Default against Defendant, L.A. Disaster Relief, LLC ("Defendant"), based on the following good cause:

**I. INTRODUCTION**

 Following ASAP's repeated and diligent attempts to serve Defendant with process through its registered agent or any other individual authorized to accept service on its behalf, ASAP was left with no choice but to effectuate substitute service on Defendant through the Florida Secretary of State as its agent pursuant to Florida Statute § 48.062(4). [*See* D.E. 11, 12, 16.] Although ASAP has now perfected substitute service on Defendant through the Florida Secretary of State

and agreed to Defendant's requested extension (through March 7, 2025) to file its response to the Complaint, Defendant has failed to do so, necessitating the entry of the Clerk's default.

## II. MEMORANDUM OF LAW

This Court has outlined the federal procedure for service of process on Florida limited liability companies such as Defendant, as follows:

> Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).
>
> An LLC may also be served by following the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes generally governs service of process on LLCs in Florida. That section, in turn, sets forth a hierarchy of persons who may accept service on an LLC's behalf, starting with the LLC's registered agent. See Fla. Stat. § 48.062(2).

*McKesson Corp. v. Benzer OH 10, LLC*, No. 8:24-cv-1415-SDM-NHA, 2024 U.S. Dist. LEXIS 197159, at *4-5 (M.D. Fla. Oct. 30, 2024)." If service cannot be made on the LLC's registered agent after a good faith attempt, process may be served on any of the following:

> (a) Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
> (b) Any member of a member-managed domestic limited liability company or registered foreign limited liability company.

>  (c) Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(3). If the plaintiff is still unable, "after due diligence," to perfect service on the LLC's registered agent or "on at least one person listed publicly by the [LLC] on its latest annual report," then "service of process may be served ... on the Secretary of State as an agent of the [LLC]." Fla. Stat. § 48.062(4).

ASAP has exercised due diligence in attempting to serve Defendant's registered agent, its members/managers, and each individual listed publicly on its most recent annual report. ASAP's process server made repeated efforts to serve Defendant with process—including attempting to effectuate service on at least six occasions at the address listed for its registered agent/president and vice president, at Defendant's principal place of business, and by conducting a stake out—to no avail. [*See* D.E. 11-1 and 11-2.] ASAP complied with Florida Statute § 48.062 by attempting to serve Defendant's registered agent, its members/managers, and each individual listed on its most recent annual report prior to serving it through the Secretary of State.

As a result of ASAP's inability to serve Defendant despite its continued and diligent efforts, ASAP then effectuated substitute service on Defendant by serving an alias Summons, the Complaint, and the process server's affidavit of non-service on the Florida Secretary of State pursuant to Florida Statute § 48.062(4). On December 5, 2024, ASAP Tree Service filed its Alias Summons [D.E. 10] to be

served on the Florida Secretary of State as an agent of Defendant pursuant to Florida Statute § 48.062(4). The Clerk of this Court issued the Alias Summons [D.E. 12] on December 6, 2024. On December 11, 2024, the office of the undersigned utilized the Florida Department of State's online portal (https://online-sop.sunbiz.org/) to submit its request for substituted service on Defendant via the Secretary of State. [*See* D.E. 16-4.]

On January 7, 2025, the office of the undersigned notified Defendant of the Secretary of State's acceptance of service by sending a copy of the Complaint [D.E. 1], the Clerk's stamped Alias Summons [D.E. 12], and the Secretary of State's Notice of Acceptance [D.E. 16-5] to Defendant by U.S. certified mail, return receipt requested, at its principal address: 881 State Road 20, Unit 4, Interlachen, Florida 32148. [*See* D.E. 16-6.] Defendant received the certified mail package described in the above paragraph by picking up the package from the Interlachen Post Office on January 15, 2025. [*See* D.E. 16-7.] Additionally, on January 7, 2025, the office of the undersigned notified Defendant of the Secretary of State's acceptance of service by sending the Complaint, Alias Summons, and Secretary of State's Notice of Acceptance to Defendant by email at info@ladisasterrelief.com. [*See* D.E. 16-8.]

By serving the Complaint and Alias Summons on the Florida Secretary of State, and thereafter sending to Defendant the Secretary's notice of

acceptance along with a copy of the process, ASAP has perfected substituted service of process on Defendant, requiring that Defendant file its response to the Complaint within twenty-one days of service under Rule 12 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1); Fla. Stat. § 48.062. Within forty days of effectuating substitute service, the undersigned then filed his affidavit of compliance pursuant to Florida Statute §§ 48.062(4) and 48.161(2), setting forth facts that justify Defendant's substitute service and showing ASAP's due diligence in serving Defendant directly. [*See* D.E. 16.]

On February 17, 2025, after Defendant was served with process through the Secretary of State, Marcus Barnett, Esq. contacted the undersigned office by telephone on behalf of the Defendant. [D.E. 17, ¶ 2.] Mr. Barnett stated that he had intended to represent the Defendant in this lawsuit, but after learning that he would not be able to appear by videoconference for certain events, he advised Defendant to retain other counsel. [*Id.*, ¶ 3.] During this call, Mr. Barnett requested that ASAP grant Defendant an extension of time through March 7, 2025 to respond to the Complaint, to which ASAP agreed. [*Id.*, ¶¶ 4-5.] However, despite this agreement for extension, Defendant has failed to respond to the Complaint, necessitating the Clerk's entry of default.

### III. CONCLUSION

WHEREFORE Plaintiff, ASAP Tree Service LLC, requests the Clerk of this Court to issue a Default against Defendant, L.A. Disaster Relief, LLC, for failing to respond to the Complaint within the time prescribed by law, and to award such other and further relief as the Court deems just and proper.

Respectfully submitted this 14 day of March 2025.

>                    s/ Patrick Brooks LaRou
>                    Brian H. Pollock, Esq. (174742)
>                    brian@fairlawattorney.com
>                    Patrick Brooks LaRou, Esq. (1039018)
>                    brooks@fairlawattorney.com
>                    FAIRLAW FIRM
>                    135 San Lorenzo Avenue, Suite 770
>                    Miami, Florida 33146
>                    Telephone: (305) 230-4884
>                    *Counsel for Plaintiff*