UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE LLC,

       CASE NO.: 3:24-CV-778-TJC-PDB

    Plaintiff,

vs.

L.A. DISASTER RELIEF, LLC,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AND/OR FOR SUMMARY FINAL JUDGMENT**

Plaintiff, ASAP Tree Service LLC ("ASAP"), requests the Court to enter a Default Final Judgment in its favor and against the Defendant, L.A. Disaster Relief, LLC, under Fed. R. Civ. P. 55(b)(2) and 56(c), and the following good cause:

**I. INTRODUCTION**

ASAP requests the Court to enter a Final Judgment in its favor and against the Defendant. The Defendant, after having been served with process and the Default entered by the Clerk, has not appeared or attempted to defend against the allegations in the Complaint. Consequently, ASAP is entitled to a Default Final Judgment. Based on the Affidavit of Indebtedness, and attached as Exhibit "A" hereto, ASAP is entitled to prejudgment interest on the liquidated amount identified in the Complaint.

## II. PROCEDURAL HISTORY

1. ASAP filed the Complaint against the Defendant on August 1, 2024. [DE 1.]

2. In the Complaint [DE 1], ASAP alleged facts supporting its claims:

    Count I - Account Stated

    Count II – Open Account

    Count III – Breach of Contract.

3. ASAP appended the invoices it submitted to the Defendant as Exhibit "A" to the Complaint. [DE 1-3.]

4. ASAP alleged the following facts in support for its claim for Account Stated at Count I:

    a. ASAP performed work for the Defendant,

    b. ASAP submitted invoices for the work it performed for Defendant,

    c. The Defendant was to pay ASAP 80% of the amount(s) contained on each invoice,

    d. The Defendant agreed to the amounts contained on the invoices ASAP submitted to it,

    e. The Defendant did object to or dispute any of the invoices,

    f. The Defendant made partial payments totaling $176,000, and

      g.    The Defendant owes ASAP $236,949.00 to satisfy the remaining balance on the invoices submitted, , as the damages suffered by ASAP.

[DE 1 at ¶¶1-24.]

5. ASAP alleged the following facts in support of its claim for Open Account at Count II:

      a.    ASAP had business dealings with the Defendant,

      b.    ASAP would perform work for the Defendant and then send the Defendant an invoice for the work performed,

      c.    Through their ongoing business relationship, ASAP continued performing work for the Defendant, and the Defendant made payments for the invoices submitted by ASAP for its work,

      d.    The Defendant agreed to the amounts contained on the invoices ASAP submitted to it,

      e.    The Defendant did object to or dispute any of the invoices,

      f.    The Defendant made partial payments totaling $176,000, and

      g.    The Defendant owes ASAP $236,949.00 to satisfy the remaining balance on the invoices submitted, as the damages suffered by ASAP.

[DE 1 at ¶¶1-13 and 25-33.]

6. ASAP alleged the following facts as support for its claim for Breach of Contract at Count III:

      a.      ASAP orally agreed with the Defendant to provide services,

      b.      The Defendant would pay ASAP for 80% of the amount of each invoice submitted by ASAP and would keep the remaining 20% as its profit and overhead,

      c.      ASAP performed the services requested by the Defendant,

      d.      ASAP submitted invoices for the work it performed,

      e.      The Defendant paid $176,000.00 towards some of the invoices submitted ASAP,

      f.      The Defendant failed to pay the remaining $236,949.00 due to ASAP, thereby breaching its oral contract with ASAP.

[DE 1 at ¶¶1-17 and 34-40.]

7.      An attorney contacted the undersigned counsel on February 25, 2025, indicating that the Defendant had learned about the Complaint and sought additional time to retain counsel who could defend the Defendant in this case. [DE 17.]

8.      The Clerk of Courts issued a Default against the Defendant on March 25, 2025, after the Defendant failed to have counsel appear in this case and file a response to the Complaint. [DE 20.]

9.      The Court now properly enters a Default Final Judgment against the Defendant, L.A. Disaster Relief, LLC, for failing to timely respond to the Complaint.

10. In entering the Final Judgment for ASAP and against the Defendant, the Court also should award prejudgment interest to ASAP.

11. The Defendant has owed ASAP the principal amount of $236,949.00, since December 1, 2020. (Exhibit "A".)

12. Through May 14, 2025, LADR owes $68,604.03 in prejudgment interest. (Exhibit 1 to Exhibit "A".)

13. LADR owes **$305,553.03**, which includes $236,949.00 in principal since December 1, 2020, *plus* $68,604.03 in prejudgment interest through May 14, 2025.

14. As further support for the entry of a Final Judgment for ASAP, Mr. Vasquez attested to facts supporting each element of the claims asserted (Account Stated, Open Account, and Breach of Contract), including the basis and amount of prejudgment interest to be awarded. (Exhibit "A".)

15. ASAP is entitled to the entry of a judgment in its favor and against the Defendant, L.A. Disaster Relief, LLC, in accordance with the above and for the additional grounds identified in the Memorandum of Law below.

### III. MEMORANDUM OF LAW

**A.    Granting Default Final Judgment**

In *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009), the Eleventh Circuit Court of Appeals recognized that, "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.' " *Quoting Nishimatsu Const. Co. v. Houston Nat'l Bank*,

515 F.2d 1200, 1206 (5th Cir.1975); *also citing Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

ASAP alleged facts in the Complaint supporting each of the elements of its claims for Account Stated, Open Account, and Breach of Contract, which the Defendant admitted by its default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Even if a complaint states a claim, the court must still 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Centennial Bank v. Coquelet*, No. 24-22924-CIV-ALTONAGA/Reid, 2024 U.S. Dist. LEXIS 204003, at *4 (S.D. Fla. Nov. 8, 2024) (*citing Sublett v. Landshark Grp., Inc.*, 2021 U.S. Dist. LEXIS 211226, 2021 WL 5055074, at *6 (N.D. Fla. Aug. 26, 2021); and quoting *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

**B.**     **Granting Summary Judgment**

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is a legal element of the claim under applicable substantive law that might affect the outcome of the case. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. *See Allen*, 121 F.3d at 646.

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The opposing party must present affirmative evidence to defeat a properly supported motion for summary judgment once that burden is met. *Anderson*, 477 U.S. at 252.

The nonmoving party "may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough either. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot form basis for denying summary judgment); and *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

When the record could not lead a rational trier of fact to find for the non-movant, there is no genuine issue of fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

C.   **ASAP Is Entitled To Judgment On Its Account Stated Claim.**

To prevail on its claim for account stated under Florida law, ASAP must prove: (1) an agreement between the parties that a certain balance is correct and

due; and (2) an express or implied promise to pay that balance. *First Union Disc. Brokerage Servs. v. Milos*, 997 F.2d 835, 841 (11th Cir. 1993); and *Merrill-Stevens Dry Dock Co. v. Corniche Express*, 400 So. 2d 1286, 1286 (Fla. 3d DCA 1981).

ASAP submitted invoices to the Defendant reflecting the amounts owed for services rendered. The Defendant did not object to or dispute the invoices, thereby implicitly agreeing that the amounts stated were correct and due. The Defendant's partial payments further confirm its acknowledgment of the debt. Despite this, the Defendant has failed to pay the remaining balance of $236,949.00. These facts establish the elements of an account stated claim, entitling ASAP to default final and/or summary judgment against the Defendant.

**D.     ASAP Is Entitled To Judgment On Its Open Account Claim.**

An open account is a legal theory under which a creditor may recover for unpaid debts arising from a series of transactions. To establish a claim for open account under Florida law, the plaintiff must show: (1) a sales contract existed between the creditor and debtor; (2) the amount claimed represents the agreed-upon sales price or the reasonable value of the goods or services delivered; and (3) the goods or services were actually delivered. *Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc.*, 376 So. 2d 22, 24 (Fla. 1st DCA 1979).

ASAP alleged that it engaged in a series of transactions with the Defendant, whereby ASAP provided services and submitted invoices to the Defendant. The invoices, which total $412,949.00, represent the agreed-upon value of the services provided. The Defendant accepted the services and made partial payments

totaling $176,000.00, thereby acknowledging the validity of the invoices. However, it has failed to pay the remaining balance of $236,949.00. These undisputed facts establish ASAP's entitlement to default final and/or summary judgment as a matter of law on its open account claim.

E.   **ASAP Is Entitled To Judgment On Its Breach Of Contract Claim.**

A claim for breach of contract requires the plaintiff to establish: (1) the existence of a valid contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). A contract can be oral or written, and an oral contract is as enforceable as a written contract, provided the parties agreed on all essential terms. ASAP and the Defendant agreed on all essential terms: they agreed that ASAP would perform emergency storm cleanup services, and LADR would pay ASAP 80% of the invoiced amounts, retaining 20% as overhead and profit. ASAP fully performed its obligations under the contract by providing the agreed-upon services and submitting invoices totaling $412,949.00. The Defendant materially breached the oral contract by failing to pay the full amount owed, resulting in an unpaid balance of $236,949.00. This material breach caused ASAP damages in the principal amount of $236,949.00. Accordingly, ASAP is entitled to a default and/or summary judgment against the Defendant in the principal amount of $236,949.00.

F.   **ASAP Is Entitled To Prejudgment Interest.**

Florida law governs the issue of prejudgment interest, while federal law governs post-judgment interest. *TYR Tactical, LLC v. Protective Prod. Enters., LLC*,

2018 WL 2672391, at *1 (S.D. Fla. June 5, 2018); and *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007). Florida law is clear that "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985). Florida law "forecloses discretion in the award of prejudgment interest, [and] there is no discretion in the rate of that interest. The legislature has established a statutory interest rate which controls prejudgment interest." *Id*. "Once liability has been determined and the amount of damages set, it is merely a ministerial duty to add the appropriate amount of interest to the principal amount of damages awarded." *Kissimmee Util. Auth. v. Better Plastics, Inc.*, 526 So. 2d 46, 47 (Fla. 1988).

For claims involving account stated and open account, the unpaid amounts from the invoices establish the liquidated amount on which prejudgment interest is to be calculated. *Typographical Serv., Inc. v. Itek Corp.*, 721 F.2d 1317, 1321 (11th Cir. 1983) (invoices sent on account stated claim reflected "certain amounts" sufficient to establish liquidated basis for prejudgment interest and "The accounting sheets furnished to the district court set out the cash invoices but recognize credits [*fn. omitted*] and adjustments.")

In a breach of contract setting, the date of loss is the date of the breach - the date the contractual amount should have been paid. *Ariz. Chem. Co. v. Mohawk Indus., Inc.*, 197 So. 3d 99, 103-4 (Fla. 1st DCA 2016) ("In *Craigside, LLC v. GDC View, LLC*, 74 So.3d 1087, 1092 (Fla. 1st DCA 2011), we noted, 'Generally, interest

awarded as damages in a contract action runs from the date when the right to recover on the claim became vested or accrued, which is ordinarily the date of the breach or the date when payment was due under the contract.' This observation makes sense because, in many breach-of-contract cases, the damages are direct, occurring simultaneously with the breach."), *citing Lumbermens Mut. Cas. Co. v. Percefull*, 653 So.2d 389, 390 (Fla. 1995) (holding that prejudgment interest began to accrue on the date payment was due to the plaintiff, but wrongfully withheld, under the terms of the parties' contract); *Craigside*, 74 So.3d at 1092 (holding that interest was to run from the date a condominium developer was contractually obligated to return a sum of money but failed to do so).

Herein, ASAP's Affiant, Saul Vasquez, attests that the Defendant was to pay the invoices at issue no later than December 1, 2020. (Exhibit "A".) The Defendant's failure to pay the invoices by December 1, 2020, triggered ASAP's entitlement to recover prejudgment interest.

By statute, the Florida legal interest rate is set quarterly by the state's Chief Financial Officer "by averaging the discount rate of the Federal Reserve Bank of New York for the preceding 12 months, then adding 400 basis points to the averaged federal discount rate." Fla. Stat. § 55.03(1); *see* Fla. Stat. §687.01. In accordance with Fla. Stat. §55.03(3), the "applicable prejudgment interest is the rate effective at the time of entitlement and is adjusted annually on January 1 of each year." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, 2020 WL 9597125, at *12 (M.D. Fla. June 4, 2020), *adopted*, 2020 WL 9597127 (M.D. Fla. Aug.

6, 2020); *see also Lawrence v. ACE Am. Ins. Co.*, No. 2019 WL 8273660, at *3 (M.D. Fla. Oct. 24, 2019).

The rates for current and historical time periods are contained in a tables on the Chief Financial Officer's website at https://www.myfloridacfo.com/division/aa/local-governments/judgement-interest-rates. Using the Chief Financial Officer's tables, the total amount of prejudgment interest that should be added to the judgment is calculated on Exhibit 1 to the Affidavit of Saul Vasquez (Exhibit "A").

This calculation establishes that ASAP is entitled to prejudgment interest of $68,604.03 as of May 14, 2025, accruing at a rate of $59.40 per day through the entry of a Final Judgment. *Id.*; *see also Centennial Bank v. Coquelet*, 2024 U.S. Dist. LEXIS 204003, at *6.

## IV. CONCLUSION

In light of the foregoing, Plaintiff, ASAP Tree Service LLC, respectfully requests that this Court enter final judgment in its favor on its claims for account stated, open account, and breach of contract, awarding damages in the principal amount of $236,949.00, plus prejudgment interest of $68,604.03 through May 14, 2025 (and such additional interest through May 31, 2025 at $59.40 per day), post-judgment interest, entitlement to recover its costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of May 2025.

s/ Brian H. Pollock, Esq. -
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
