UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE, LLC,

    Plaintiff,

vs.                                      CASE NO.:  3:24-CV-778-TJC-PDB

L.A. DISASTER RELIEF, LLC,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER
AND MOTION FOR EXTENSION OF TIME
TO APPLY FOR FINAL JUDGMENT *NUNC PRO TUNC***

Plaintiff, ASAP Tree Service, LLC, through its undersigned counsel and requests that the Court find that it has shown good cause and that the Court extend the time for it to apply for the entry of a final judgment against Defendant, L.A. Disaster Relief, LLC, based on the following good cause:

### Introduction

Plaintiff requests the Court (a) determine that its failure to timely apply for the entry of a final judgment was due to excusable neglect and (b) extend the time to file its Motion for Default Final Judgment *nunc pro tunc*, considering it as timely filed on May 13, 2024 [DE 22].

### Excusable Neglect

1.    "In analyzing excusable neglect, the court should look at (1) the danger of prejudice to the non-movant, (2) the length of the delay and its possible

impact on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Hoffman v. Strobel*, 2016 WL 11110424, at *2 (M.D. Fla. Dec. 13, 2016) (quoting *Maixner v. U.S.*, 2007 WL 4462944, at *2 (M.D. Fla. Dec. 14, 2007)).

(1) Herein, there is no prejudice to the Defendant, as the non-movant, since it has not done anything in this case to defend its interests and only benefits from a delay in the Plaintiff obtaining a judgment.

(2) Plaintiff did not timely prepare and submit a motion requesting the entry of a default and/or summary judgment against the Defendant by April 29, 2025, doing so two weeks later [DE 22]. If this matter were delayed, any impact on these proceedings would be minimal, as delaying the Court's ruling on the pending motion [DE 22] by the same two weeks would have minimal effect. Plaintiff did not, however, let this mater sit idle. See, e.g., *Sweetwater Invs., LLC v. Sweetwater Apartments Loan, LLC*, 2011 WL 1545076, at *1, 4 (M.D. Ala. Apr. 25, 2011) (finding excusable neglect and holding several-month delay did not impact proceedings, in part, because "the litigation was far from stagnant" during delay). During the delay, Plaintiff prepared its Motion to request the Court's entry of a final judgment along with an affidavit in support.

(3) Plaintiff committed an inadvertent calendaring error. Unfortunately, the undersigned counsel for Plaintiff was out of the country when the Court entered the default (March 24-29, 2025). Upon returning, the undersigned did not review the deadline at issue with his staff, who had made a calendaring error by failing to create a "task" in the case management system (to file the motion for default final judgment) to be completed by April 29, 2025, with the customary reminders that would normally have been sent out ahead of the deadline.

Federal Courts in Florida regularly find excusable neglect and extend deadlines when counsel inadvertently makes calendaring errors. *See, e.g., Bhogte v. Phoenix Mgmt. Servs., Inc.*, 2022 WL 1469389, at *1 (S.D. Fla. May 10, 2022) (finding excusable neglect where failure to timely request default was caused by "inadvertent calendaring error"); *Mead v. IDS Prop. Cas. Ins. Co.*, 2013 WL 12157838, at *2 (M.D. Fla. Nov. 26, 2013) (finding excusable neglect where failure to timely file motion was caused by "counsel's clerical error in calendaring the deadline for the submission"); *Bermudez v. Equifax Info. Servs., LLC*, 2008 WL 11336164, at *2 (M.D. Fla. Oct. 3, 2008) (finding good cause and excusable neglect where counsel failed to "properly calendar the discovery cut-off dates"); *Brother v. Rossmore Tampa Ltd. P'ship*, 2004 WL 3609350, at *2 (M.D. Fla. Aug. 19, 2004) (finding excusable neglect for failure to timely oppose motion where delay was caused by

counsel's "mistake in calendaring the motion"). *See also Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1201-202 (11th Cir. 1999) (finding excusable neglect *where the reason for delay was counsel's failure to calendar a motion).*

(4) Plaintiff acted in good faith, although it missed the deadline. Plaintiff is mindful of the Court's docket, the applicable deadlines, and the need to progress this matter towards its ultimate result as expeditiously as possible. Plaintiff did not act in bad faith or intentionally miss this deadline to disadvantage the Defendant. *See, e.g., Blake v. Enhanced Recovery Co., LLC*, 2011 WL 3625594, at *3 (M.D. Fla. Aug. 17, 2011) ("As to the fourth factor, it appears that Plaintiff has acted in good faith. There is no evidence that Plaintiff acted in bad faith, and no reason to believe she wanted the delay or has gained any advantage from it."); *McCoy v. Dep't of Educ.*, 2023 WL 11842712, at *1 (M.D. Fla. Nov. 3, 2023) ("There is no indication that [plaintiff] has not acted in good faith or has sought to delay the action."). Besides delaying the Court's disposition of this matter, Plaintiff was adversely impacted by this brief delay in applying for the entry of a final judgment.

2. Plaintiff requests the Court determine that it demonstrated excusable neglect and that a Show Cause Order should not be issued herein.

*Extension of Time Nunc Pro Tunc*

3. Plaintiff filed its Motion for Default Final Judgment and/or Summary Judgment on May 13, 2025. [DE 22.]

4. Therein, Plaintiff requested the Court to enter a judgment in its favor based on allegations contained in the Complaint [DE 1], the Defendant's default [DE 20], and the additional information supplied by Plaintiff's affiant, Saul Vasquez [DE 22-1].

5. Rule 1 of the Federal Rules of Civil Procedure directs that the Rules "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding."

6. Plaintiff did not timely file its Motion based on the circumstances identified above, but requests an enlargement of time *nunc pro tunc* to file apply for the entry of a judgment against the Defendant.

7. Granting the requested enlargement of time will serve the interests of justice and further comport with the spirit of the Federal Rules of Civil Procedure as embodied in Rule 1.

8. Pursuant to Fed. R. Civ. P. 6(b)(1)(B) "When an act may or must be done within a specified time, the court may, for good cause, extend the time. . . on motion made after the time has expired if the party failed to act because of excusable neglect."

9. This Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."

*Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

    10.    Given the foregoing, Plaintiff requests that the Court enlarge the time for service of its application for a final judgment through May 13, 2025, *nunc pro tunc*.

WHEREFORE, Plaintiff, ASAP Tree Service LLC, respectfully requests that the Court issue an Order in accordance with the foregoing.

Respectfully submitted this 13th day of May 2025.

                                                  s/Brian H. Pollock, Esq.
                                                  Brian H. Pollock, Esq.
                                                  Fla. Bar No. 174742
                                                  brian@fairlawattorney.com
                                                  FAIRLAW FIRM
                                                  135 San Lorenzo Avenue
                                                  Suite 770
                                                  Miami, FL 33146
                                                  Tel:   305.230.4884
                                                  *Counsel for Plaintiff*