UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE, LLC,

    Plaintiff,

vs.                                        CASE NO.:  3:24-CV-778-TJC-PDB

L.A. DISASTER RELIEF, LLC,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER**

    Plaintiff, ASAP Tree Service, LLC, through its undersigned counsel, responds to the Order to Show Cause [DE 21], and requests that the Court find that it has shown good cause based on the following:

    1.    Plaintiff's failure to timely apply for a final judgment within 35 days of the entry of a Default by the Clerk of Courts [DE 20] was due to excusable neglect and should not preclude the Court from entering judgment for the Plaintiff herein.[1]

    2.    "In analyzing excusable neglect, the court should look at (1) the danger of prejudice to the non-movant, (2) the length of the delay and its possible impact on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F.

---

[1] Plaintiff previously filed its Response to Show Cause Order and Motion for Extension of Time To Apply for Final Judgment *Nunc Pro Tunc* [DE 23] to address multiple issues but has since filed its Response to the Show Cause Order separately from its Motion For Extension of Time To Apply for Final Judgment *Nunc Pro Tunc*.

App'x 293, 297 (11th Cir. 2009). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Hoffman v. Strobel*, 2016 WL 11110424, at *2 (M.D. Fla. Dec. 13, 2016) (*quoting Maixner v. U.S.*, 2007 WL 4462944, at *2 (M.D. Fla. Dec. 14, 2007)). In analyzing those factors, the Plaintiff submits the following

(1) <u>No prejudice to Defendant.</u> As the non-movant, the Defendant could not be prejudiced by any delay in the Plaintiff's application for entry of a final judgment. The Defendant has not taken any action to defend its interests in this matter, and it only stands to benefit from a delay in the Plaintiff obtaining a judgment.

(2) <u>The two-week delay did not adversely impact these proceedings.</u> Plaintiff did not timely prepare and submit a motion requesting the entry of a default and/or summary judgment against the Defendant by April 29, 2025, instead doing so two weeks later [DE 22]. If this brief affected these proceedings at all, the impact would be minimal, involving only a corresponding delay in the Court's ruling on the pending motion [DE 22] by the same two weeks. However, Plaintiff did not allow this matter to sit idle. See, e.g., *Sweetwater Invs., LLC v. Sweetwater Apartments Loan, LLC*, 2011 WL 1545076, at *1, 4 (M.D. Ala. Apr. 25, 2011) (finding excusable neglect and holding several-month delay did not impact proceedings, in part, because "the litigation was far from stagnant" during delay). During the delay, Plaintiff prepared

its Motion to request the Court's entry of a final judgment along with an affidavit in support.

(3) <u>A calendaring error caused the delay.</u> The undersigned counsel for Plaintiff was out of the country (March 24-29, 2025) when the Clerk of Court entered the Default [DE 20]. Upon returning, the undersigned did not review the deadline at issue with his staff, who had made a calendaring error by failing to create a "task" in the firm's case management system (to file the motion for default final judgment) to be completed by April 29, 2025, or the customary reminders that would normally have been sent out ahead of the deadline.

Federal Courts in Florida regularly find excusable neglect and extend deadlines when counsel inadvertently makes calendaring errors. *See, e.g., Bhogte v. Phoenix Mgmt. Servs., Inc.*, 2022 WL 1469389, at *1 (S.D. Fla. May 10, 2022) (finding excusable neglect where failure to timely request default was caused by "inadvertent calendaring error"); *Mead v. IDS Prop. Cas. Ins. Co.*, 2013 WL 12157838, at *2 (M.D. Fla. Nov. 26, 2013) (finding excusable neglect where failure to timely file motion was caused by "counsel's clerical error in calendaring the deadline for the submission"); *Bermudez v. Equifax Info. Servs.*, LLC, 2008 WL 11336164, at *2 (M.D. Fla. Oct. 3, 2008) (finding good cause and excusable neglect where counsel failed to "properly calendar the discovery cut-off dates"); *Brother v. Rossmore Tampa Ltd. P'ship*, 2004

WL 3609350, at *2 (M.D. Fla. Aug. 19, 2004) (finding excusable neglect for failure to timely oppose motion where delay was caused by counsel's "mistake in calendaring the motion"). *See also Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1201-202 (11th Cir. 1999) (finding excusable neglect where the reason for delay was counsel's failure to calendar a motion). This isolated calendaring error resulted in the undersigned not timely applying for a final judgment within the time required by Local Rule 1.10(c).

(4) <u>Plaintiff acted in good faith after missing the deadline.</u> Plaintiff is mindful of the Court's docket, the applicable deadlines, and the need to progress this matter towards its ultimate result as expeditiously as possible. Unfortunately, a calendaring error resulted in the Plaintiff not applying for a final judgment in a timely manner after progressing the case to this point. Plaintiff did not act in bad faith or intentionally miss this deadline to disadvantage the Defendant or improperly delay the proceedings. *See, e.g., Blake v. Enhanced Recovery Co., LLC*, 2011 WL 3625594, at *3 (M.D. Fla. Aug. 17, 2011) ("As to the fourth factor, it appears that Plaintiff has acted in good faith. There is no evidence that Plaintiff acted in bad faith, and no reason to believe she wanted the delay or has gained any advantage from it."); *McCoy v. Dep't of Educ.*, 2023 WL 11842712, at *1 (M.D. Fla. Nov. 3, 2023) ("There is no indication that [plaintiff] has not acted in good faith or has

sought to delay the action."). The Plaintiff acknowledges that this delay has postponed the Court's disposition of this matter, but at the same time, Plaintiff has been delayed in obtaining the Court's consideration of whether to enter a default judgment for it.

3. As set forth above, Plaintiff demonstrated excusable neglect as the reason for not timely applying for a default final judgment.

4. Plaintiff requests that the Court determine that, for good cause, a Show Cause Order should not be issued herein.

WHEREFORE, Plaintiff, ASAP Tree Service LLC, respectfully requests that the Court issue an Order in accordance with the foregoing.

Respectfully submitted this 14th day of May 2025.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*
