UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ASAP TREE SERVICE, LLC,

    Plaintiff,

CASE NO.:  3:24-CV-778-TJC-PDB

vs.

L.A. DISASTER RELIEF, LLC,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO APPLY FOR FINAL JUDGMENT *NUNC PRO TUNC***

Plaintiff, ASAP Tree Service, LLC, through its undersigned counsel, requests that the Court extend the time for it to apply for the entry of a final judgment against Defendant, L.A. Disaster Relief, LLC, based on the following good cause:

1.    The Clerk of this Court entered a Default against the Defendant on March 25, 2025 [DE 20].

2.    Undersigned counsel for Plaintiff was out of the country with his wife and daughter March 24-29, 2025, when the Default was entered, and his staff did not calendar the deadline by which to apply for a final judgment.

3.    The undersigned's made a calendaring error by failing to create a "task" in the firm's case management system (to file the motion for default final judgment) to be completed by April 29, 2025, and did not create the customary reminders that would normally have been sent out ahead of the deadline.

4. Upon receipt of the Order to Show Cause, Plaintiff promptly acted to prepare its Motion, supporting Affidavit, and the Exhibit thereto.

5. Plaintiff filed its Motion for Default Final Judgment and/or Summary Judgment on May 13, 2025 [DE 22].[1]

6. Therein, Plaintiff requested the Court to enter a judgment in its favor based on allegations contained in the Complaint [DE 1], the Defendant's default [DE 20], and the additional information supplied by Plaintiff's affiant, Saul Vasquez [DE 22-1].

7. Rule 1 of the Federal Rules of Civil Procedure directs that the Rules "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding."

8. Plaintiff did not timely file its Motion based on the circumstances identified above, but requests an enlargement of time *nunc pro tunc* to apply for the entry of a judgment against the Defendant.

9. Granting the requested enlargement of time will serve the interests of justice and further comport with the spirit of the Federal Rules of Civil Procedure as embodied in Rule 1.

10. Pursuant to Fed. R. Civ. P. 6(b)(1)(B) "When an act may or must be done within a specified time, the court may, for good cause, extend the time. . . on

---

[1] Plaintiff previously filed its Response to Show Cause Order and Motion for Extension of Time To Apply for Final Judgment *Nunc Pro Tunc* on May 13, 2025 [DE 23] to address multiple issues but has since filed its Response to the Show Cause Order separately from its Motion For Extension of Time To Apply for Final Judgment *Nunc Pro Tunc*.

motion made after the time has expired if the party failed to act because of excusable neglect."

11. This Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

12. Given the foregoing, Plaintiff requests that the Court enlarge the time for service of its application for a final judgment through May 13, 2025, *nunc pro tunc*.

WHEREFORE, Plaintiff, ASAP Tree Service LLC, respectfully requests that the Court issue an Order granting its request for an extension of time *nunc pro tunc* in accordance with the foregoing.

Respectfully submitted this 14th day of May 2025.

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Miami, FL 33146
> Tel:   305.230.4884
> *Counsel for Plaintiff*